J-A22009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RANDY D. LOVELACE, JR. | : | |
| | : | |
| Appellant | : | No. 48 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 1, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000689-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RANDY LOVELACE | : | |
| | : | |
| Appellant | : | No. 49 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 1, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000962-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RANDY LOVELACE | : | |
| | : | |
| Appellant | : | No. 50 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 1, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002676-2019

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:           **FILED: DECEMBER 22, 2021**

Randy Lovelace appeals from his December 1, 2020 judgment of sentence of twenty-four to sixty months of incarceration followed by five years of probation, which was imposed after he pled guilty to possession of drug paraphernalia and two counts of possession with intent to deliver ("PWID") at the three docket numbers listed above. Appellant's counsel has filed a petition to withdraw and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court authored an apt summary of the facts of these cases:

> Under 19 CR 689, the Commonwealth charged Appellant via criminal information with one count of possession of a controlled substance stemming from a February 15, 2019 lawful traffic stop wherein officers observed in plain view, a large lamp on the front passenger seat of Appellant's vehicle utilized for growing marijuana. To that end, a K9 unit indicated the presence of narcotics on the passenger side of Appellant's vehicle. A subsequent search of Appellant's vehicle led to the discovery of nine individual bags of marijuana, two rope candies, one bottle of THC-infused syrup, and one THC vape pen.

> Approximately two months later, relative to 19 CR 962, the Commonwealth charged Appellant via criminal information with two counts of [PWID], one count of possession of a controlled substance, one count of possession of drug paraphernalia, and the summary offense of no rear lights stemming from another lawful traffic stop conducted on April 10, 2019. During the traffic stop, [an officer] noticed an odor of marijuana coming from inside Appellant's vehicle and requested consent to search the interior of the vehicle. Appellant knowingly, voluntarily, and intelligently consented to the search. . . . [The officer] found thirty-two grams of marijuana along with plastic bags, a digital scale, and $390.

Lastly, under 19 CR 2676, the Commonwealth charged Appellant via criminal information with one count of [PWID], one count of possession of a controlled substance, and two counts of possession of drug paraphernalia stemming from a November 13, 2019 incident, wherein a confidential information (hereinafter, "C.I.") informed narcotics detectives that he/she could buy crack cocaine at a residence located at 337 Revere Lane in Taylor, Pennsylvania. After completion of a controlled purchase, detectives lawfully obtained a search warrant [for] the residence. A search of Appellant's bedroom inside the residence revealed approximately thirty grams of crack cocaine, including dealer paraphernalia consisting of baggies and containers.

Trial Court Opinion, 6/2/21, at 2-3 (cleaned up).

On September 16, 2020, Appellant pled guilty to one count of possession of drug paraphernalia at 19 CR 689 and one count of PWID (marijuana) at 19 CR 962. On October 7, 2020, he pled guilty to one count of PWID (crack cocaine) at 19 CR 2676. The remaining charges were withdrawn in exchange for Appellant's plea. On December 1, 2020, the trial court sentenced Appellant as noted above. As to the two PWID counts, the court imposed consecutive terms of twelve to thirty-six months of incarceration followed by two years of probation. With respect to the paraphernalia count, the trial court imposed a one-year term of consecutive probation. No post-sentence motions were filed. On December 22, 2020, Appellant filed timely, counseled notices of appeal at each of the above-captioned docket numbers. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

In this Court, Appellant's counsel has filed both an ***Anders*** brief and a petition to withdraw as counsel. The following principles will guide our review:

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007)

(citations omitted). Our Supreme Court has further clarified this procedure:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Upon review of the counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical

requirements set forth above. Specifically, counsel has: (1) summarized the factual and procedural history of the case with extensive citations to the certified record; (2) referred to an issue that arguably supports the basis of Appellant's appeal; (3) stated her conclusion that the issue is entirely frivolous; and (4) explained her conclusion with references to on-point legal authorities. Furthermore, counsel provided Appellant with notice of his right to proceed *pro se* or retain private representation in a letter attached to her petition to withdraw.[1] **See** Application to Withdraw, 7/19/21, at Exhibit A. Thus, we will conduct an independent examination of the certified record to determine whether we agree with counsel's analysis and to ascertain if any non-frivolous issues may exist which counsel overlooked. **Commonwealth v. Dempster**, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

From the outset of our review, we note that Appellant's guilty plea has significantly curtailed his available appellate issues. **See Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa.Super. 2013) ("Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea."). The issue identified by counsel in her **Anders** brief is straightforward: "Whether the sentences imposed were harsh and excessive." **Anders** brief at 4.

_____

[1] As of the filing of this memorandum, Appellant has not responded to counsel's letter.

This issue is a challenge to the discretionary aspects of Appellant's sentence. We note that "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction." *Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014). In determining whether this Court's jurisdiction has been properly secured, we consider whether: (1) Appellant has filed a timely notice of appeal; (2) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) the brief includes a statement pursuant to Pa.R.A.P. 2119(f); and (4) Appellant has presented a "substantial question" that the sentence appealed from is not appropriate under the Sentencing Code. *Id*. In her *Anders* brief, counsel concludes that Appellant's claim of excessiveness has been waived. *See Anders* brief at 8 ("[T]his issue was not raised either at his sentencing or in a motion for reconsideration of sentence, and consequently, it may be considered waived."). We agree.

As noted in the factors listed above, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. **Absent such efforts, an objection to a discretionary aspect of a sentence is waived.**" *Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa.Super. 2013) (cleaned up; emphasis in original). Instantly, there is no dispute that Appellant filed no such post-sentence motion. Furthermore, no

- 6 -

oral objection was raised regarding the allegedly excessive nature of Appellant's sentence. **See** N.T. Sentencing, 12/1/20, at 2-7. Therefore, we agree with counsel that Appellant has waived any arguable challenge to the discretionary aspects of his sentence. **See Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa.Super. 2003). This Court has previously concluded that pursuing a waived issue on appeal is frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa.Super. 2008).

Furthermore, we have conducted a "full examination of the proceedings" and have determined that this appeal is, in fact, "wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa.Super. 2015). Since our review has not disclosed any other issues of arguable merit, we will grant counsel's petition to withdraw and affirm Appellant's judgment of sentence. **Dempster**, **supra** at 273.

Petition of Donna M. DeVita, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2021